United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10395
Summary Calendar

_____

JAMES EUGENE EDWARDS,

                                        Petitioner-Appellant,

versus

JIM BOWLES, Sheriff, Dallas County, Dallas, Texas,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-186-K
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    James Eugene Edwards filed a habeas corpus petition in the

district court challenging orders, issued by the Governor of

Texas, that he be extradited from the State of Texas to Santa

Clara County, California, to face criminal charges in that

county.  The district court denied Edwards's petition.

    Individuals have a federal right to challenge their

extradition by writ of habeas corpus in the courts of the asylum

state prior to being extradited.  <u>Crumley v. Sneed</u>, 620 F.2d 481,

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

483 (5th Cir. 1980). The scope of such a habeas challenge is narrow. Id. Once the Governor of Texas granted extradition, the district court could decide only whether the extradition documents are in order, whether Edwards had been charged with a crime in California, and whether Edwards was the person named in the request for extradition. See Michigan v. Doran, 439 U.S. 282, 289-90 (1978)). Edwards has not shown that the district court erred in any of these determinations. All of Edwards's other claims are beyond the scope of the district court's review. The judgment of the district court is AFFIRMED. Edwards's motion to expedite is DENIED.

Edwards asserts that the final judgment lists the wrong party as the respondent. The error is clerical and did not affect the substance of the court's denial of Edwards's habeas application. The matter is REMANDED to the district court for the limited purpose of correcting the caption on the final judgment issued March 26, 2004. See FED. R. CIV. P. 60(a); FED. R. CIV. P. 61.

AFFIRMED; MOTION DENIED; REMANDED FOR CORRECTION OF CLERICAL ERROR.